UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,

                Plaintiff,                Case No. 1:16-cv-277

v.                                            Honorable Paul L. Maloney

PRISON HEALTH CARE
SERVICES, INC. et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Prison Health Care Services, Inc. and Tony Trierweiler. The Court will serve the complaint against Defendant Kevin Cornings.

**Discussion**

I.   Factual allegations

Plaintiff Scott Syzak presently is incarcerated at the Bellamy Creek Correctional Facility (IBC). He sues Prison Health Care Services, Inc. (PHCS), IBC Warden Tony Trierweiler, and IBC Nurse Kevin Cornings.

Plaintiff alleges that, beginning on June 25, 2015, he submitted numerous kites requesting medical treatment, because he was unable to have a bowel movement. Defendant Cornings responded that Plaintiff should eat cereal and vegetables. Plaintiff kited health services again on June 29, 2015, reiterating his problem and indicating that he was now in pain. He also advised that he had been eating cereal and vegetables, but they were not helping. Cornings wrote back, again telling Plaintiff to eat cereal and vegetables. Plaintiff sent another kite on July 1, 2015, informing health care that he could still not have a bowel movement, that he had been eating cereal and vegetables whenever offered for four years, and that consumption of cereal and vegetables was not helping. This time, Cornings told Plaintiff to both eat cereal and vegetables and drink water. On July 4, 2015, Plaintiff kited health care for the fourth time, saying that he had still not had a bowel movement, that he was in pain, that cereal and vegetables were not working as a laxative, and that he was beginning to have rectal bleeding. That same day, Plaintiff sent a kite to the Warden, explaining his problem and saying, "Medical treatment here is so grossly incompetent and inadequate that it constitu[t]es deliberate indifference." (ECF No. 1, PageID.3.) He received no response from the warden.

On July 5, Plaintiff again kited health care, indicating that he still could not have a bowel movement, that he was in pain, that he had rectal bleeding, and that he could not go to the commissary to

buy a laxative until next month, because he was indigent. Defendant Cornings responded that Plaintiff should eat cereal and vegetables and buy a laxative at the commisary. On July 6, Plaintiff was still bleeding and in pain. He sent a sixth kite to health care, and he included a sample of toilet paper so that health care staff could see that he was bleeding. Defendant Cornings responded, "Rectal bleeding eat cereal and veggies buy laxative off store." (*Id.*, PageID.4.)

Plaintiff alleges that he continued to send additional kites and further toilet-paper evidence that he was bleeding. He alleges that, by July 7, 2015, Defendants had actual knowledge of an objectively cruel condition, yet they persisted in a course of treatment that was ineffective. In all, Plaintiff contends, he sent kites for three weeks, yet he received no treatment. He was merely told by health care to "stop sending Health Care Kite[s] that way." (*Id.*, PageID.5.) Plaintiff alleges that he had severe rectal tearing and had passed out on one occasion from the pain of attempting to have a bowel movement.

Finally, on July 14, 2015, Plaintiff was called to health care. Before entering the health-care offices, he was handcuffed by a correctional officer. He was then led into health care and put on a table. At that point, Defendant Cornings, who appeared very upset, asked, "What is your problem? Why are you sending health care kite[s] like that? (*Id.*, PageID.6.) Plaintiff responded that he could not use the bathroom, was in serious pain, was bleeding, could barely walk, and for three weeks he had simply been told to eat cereal and vegetables and drink water, none of which had helped. Defendant Cornings stormed out of the room, came back with a laxative, and then sent Plaintiff to segregation, where Plaintiff was stripped of his belongings for allegedly punitive reasons. Plaintiff learned that a ticket had been written, charging Plaintiff with threatening behavior for sending "proof that [he] was bleeding." (*Id.*, PageID.7.)

Plaintiff was convicted of the misconduct charge, and he was placed in segregation for ten days. He also was stripped of his property and privileges.

Plaintiff contends that Defendant Cornings was deliberately indifferent to his serious medical need. He also alleges that Defendant Warden Trierweiler was deliberately indifferent to Plaintiff's serious medical needs, because Trierweiler failed to respond to Plaintiff's kite complaining about inadequate medical treatment Finally, Plaintiff contends that Defendant PHCS is liable for Defendant Cornings' failure to treat, because PHCS "supports an easier less effica[c]ious treatment to be choosen [sic]," thereby violating Plaintiff's Eighth Amendment rights. (*Id.*, PageID.8.) For relief, he seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations against Defendants Trierweiler and PHCS are limited. He contends that Defendant Trierweiler failed to respond to his kite complaining about Defendant Cornings' failure to provide medical care. He also arguably suggests that both Defendants Trierweiler and PHCS failed to supervise their subordinates.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th

Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Trierweiler and PHCS engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

On initial review, the Court concludes that Plaintiff's allegations are sufficient to state a claim against Defendant Cornings.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Trierweiler and Prison Health Care Services, Inc. will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Cornings.

An Order consistent with this Opinion will be entered.


Dated: April 11, 2016         /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge