UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK, # 215189,

    Plaintiff,

v.

KEVIN CORNING,

    Defendant.

Case No. 1:16-cv-277

Honorable Paul L Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. Plaintiff is an inmate at the Michigan Reformatory. (ECF No. 44 at PageID.233). This lawsuit arises out of conditions of his confinement from June 25, 2015, through July 20, 2015, at the Bellamy Creek Correctional Facility (IBC). The defendant is Kevin Corning, R.N. Plaintiff alleges that the medical treatment that defendant provided for his constipation was so deficient that it constituted deliberate indifference to his serious medical need in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Plaintiff sues defendant in his individual and official capacities and seeks an award of damages. (ECF No. 1, PageID.1, 9).

The matter is before the Court on defendant's motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a).[1] (ECF No. 35).

---

[1] Defendant's earlier motion for summary judgment was dismissed without prejudice for failure to comply with the requirements of W.D. MICH. LCIVR 7.1(d). (ECF No. 34). Defendant re-filed his motion, this time in compliance with Rule 7.1(d).

Plaintiff opposes the motion. (ECF No. 31, 41, 42, 44). For the reasons set forth herein, I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I recommend that defendant's motion for summary judgment be granted and that judgment be entered dismissing plaintiff's claim for damages against defendant in his individual capacity without prejudice.

**<u>Summary Judgment Standard</u>**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

---

On April 7, 2017, the Court entered an order advising plaintiff that his response to defendant's earlier motion (ECF No. 31) would be considered as his response to this motion. The order established April 19, 2017, as the deadline for plaintiff to supplement his response. Plaintiff signed his "Supplemental Declaration" on April 17, 2017. (ECF No. 44 at PageID.232). It is deemed timely under the mailbox rule and it will be considered herein.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. *See Wellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense
of Failure to Exhaust Remedies**

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison

conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical

-5-

procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[2]Policy Directive 03.02.130 (effective July 9, 2007) is a public record found at http://www.michigan.gov/corrections/0,4551,7-119-1441_44369---,00.html (last visited on Aug. 25, 2017).

## Proposed Findings of Fact

Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on his criminal convictions. He is currently an inmate at the Michigan Reformatory. (ECF No. 44 at PageID.233). Plaintiff was an inmate at the Bellamy Creek Correctional Facility (IBC) during the period at issue: June 25, 2015, through July 20, 2015. (ECF No. 1, PageID.2).

Defendant Kevin Corning is a registered nurse and he has been employed by the Michigan Department of Corrections since July 7, 2003. (ECF No. 29-5, PageID.153-54).

Plaintiff filed a Step I grievance on July 13, 2015, complaining about the adequacy of the medical care that he had received regarding his constipation and related rectal bleeding. (ECF No. 31-1, PageID.165). It is undisputed that plaintiff did not pursue this grievance or any other grievance corresponding to his claim against Nurse Corning though a Step III decision before he filed this lawsuit on December 1, 2015. (ECF No. 29-2, PageID.142-45; ECF No. 29-3, PageID.147-48; ECF No. 29-4, PageID.150-51).

## Discussion

### I. Eleventh Amendment

Plaintiff argues: "Based on information and belief, the defendant is not an MDOC employee, but is in fact a member of a health care provider outsourced by the Mich. Dept. of Corrections and the State of Michigan. . . . The defendant is sued in his official capacity as a registered nurse, and not as an MDOC employee and [plaintiff]

believes there is a difference between a nurse, and a MDOC employee, i.e. wardens [and] correction[s] officers[.]" (Plaintiff's Brief at 1, 5, ECF No. 31, PageID.158, 162). Information and belief does not suffice at the summary judgment stage of proceedings. *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Defendant has presented evidence that he has "been employed as a registered nurse by the Michigan Department of Corrections since July 7, 2003." (Corning Aff. ¶ 1, ECF No. 29-5, PageID.153). Plaintiff has not presented evidence on which a reasonable trier of fact could make a contrary finding.

Because defendant is a state employee, plaintiff's claim for damages against him in his official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state employee in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant is entitled to dismissal with prejudice of plaintiff's claim under section 1983 for monetary damages against him in his official capacity.

## II. Summary Judgment

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff concedes that he did not pursue any grievance corresponding to his claim against defendant through Steps II and III of the MDOC's grievance process. (Plaintiff's Brief at 2, ECF No. 31, PageID.160) ("I admit I did not follow the grievance to Step II or III."). Plaintiff argues that his "prior understanding of the PLRA and grievance procedure (even though [it] may ultimately be determined incorrect) is justification for not pursuing available remedies." (*Id.*). It is not. It is well established that ignorance of the requirements of the PLRA does not excuse an inmate's failure to exhaust his available administrative remedies. *See Napier v. Laurel County, Ky.*, 636 F.3d 218, 221 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *see also Pasley v. Prison Health Servs.*, No. 1:12-cv-891, 2013 WL 6474645, at * 6 (W.D. Mich, Dec. 10, 2013).

Plaintiff's belief that filing a grievance would have been "futile" (ECF No. 41, PageID.213) does not excuse his failure to file a grievance against defendant and pursue it through a Step III decision before filing this lawsuit. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d at 309. The MDOC's grievance process applies to prisoner complaints regarding the adequacy of medical care. *See e.g., Jones v. Borgerding*, 1:14-

cv-1265, 2016 WL 546805 (W.D. Mich. Sept. 29, 2016); *Pasley*, 2013 WL 6474645, at * 6.

I find that defendant has carried his burden and is entitled to summary judgment.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I recommend that defendant's motion for summary judgment (ECF No. 35) be granted and that judgment be entered dismissing plaintiff's claim for damages against defendant in his individual capacity without prejudice.

Dated: August 28, 2017 /s/ Phillip J. Green
United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).